UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUSAN DEFOUW and
CAROLYN FERARRA,
               Plaintiffs,

vs.                             Case No.: 8:09-CV-00480-T-17-EAJ

CANDLEA LASER CORPORATION,
               Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendant Candela Laser Corporation's ("Candela"), Motion to Dismiss, (Dkt. 5), and response thereto filed by the Plaintiffs, Susan Defouw and Carolyn Ferarra (collectively, "Defouw") (Dkt. 8).

## BACKGROUND AND PROCEDURAL HISTORY

Defouw originally filed this civil action on February 13, 2009, in the Circuit Court for the Twelfth Judicial Circuit in and for Sarasota County, Florida, Case Number 09-2498-CA. (Dkt. 1). On March 16, 2009, Candela removed this action to the United States District Court for the Middle District of Florida, on the basis of diversity jurisdiction. (Dkt. 1). Candela filed a Motion to Dismiss Defouw's complaint for failure to state a claim upon which relief could be granted on March 17, 2009. (Dkt. 4). Subsequently, on March 26, 2009, Defouw filed a response to Candela's Motion to Dismiss. (Dkt. 8).

## STATEMENT OF THE CASE

This is an action for damages alleging negligence against Candela in failing to properly train and supervise its employees and agents, and allowing its employees to perform laser procedures. (Dkt. 2).

## FACTS

Defouw alleges the following facts in support of her Complaint (Dkt. 2), which this Court is obliged to accept as true. *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007):

1. On or about October 5, 2008, Norman Levi, a salesman and agent of Candela, went to Plaintiffs' place of employment, a physician's office in Sarasota, Florida, to demonstrate the Candela Laser. Levi demonstrated a "neck lift" procedure on Plaintiffs, explaining that the redness from the treatment would go away within seven (7) days.

2. Prior to the treatment, Levi had trouble plugging in the machine and when the machine was set up, stated "Something is wrong." Levi called Candela Laser Corporation Tech Support and after the conversation with Support announced that everything was okay to proceed.

3. After seven (7) days, the redness and scarring did not go away. Both Plaintiffs have been left with burn scars, discoloration, and disfigurement around their necks.

4. Defouw alleges Candela was negligent in the following ways:

    A. Failing to properly train and supervise their employee and Agent; and

    B. Allowing their employees to perform laser procedures without proper training and supervision.

5. Defouw further alleges that as a direct and proximate result of Candela's

negligence, Plaintiffs have suffered burns, disfigurement, discoloration, and scars around their necks.

## STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must view the complaint in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). Thus, "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007). The rules of pleading require only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed.R.Civ.P. While a complaint attacked by a Rule 12(b)(6) motion need not be buttressed by detailed factual allegations, the plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 65 (2007).

As a general proposition, the rules of pleading do "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974. Judicial inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the...claim is and the grounds upon which it rests." *Erickson*, 127 S. Ct. at 2200 (quoting *Twombly*, 127 S. Ct. at 1964). Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *Twombly*, 550 U.S. 544, 127 S. Ct. at 1965.

A complaint may not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lopez v. First Union Nat'l Bank*, 129 F.3d 1186, 1189 (11th Cir. 1997) (quoting *Conley*

*v. Gibson*, 355 U.S. 41, 45 46 (1957)). On a motion to dismiss, the Court limits its considerations to the pleadings and exhibits attached thereto. *GSW v. Long County*, *Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

## **DISCUSSION**

Candela seeks to dismiss Defouw's complaint on the basis that it fails to state a claim upon which relief can be granted. In support of its Motion to Dismiss, Candela further claims that Defouw's complaint, *inter alia*, fails to specify the device or devices for which the claims are brought, fails to identify a theory of liability, and fails to provide the facts or grounds supporting the legal elements of Defouw's purported entitlement to relief. (Dkt. 5). Candela admits it "assumes" Defouw's claim is rooted in products liability and strict liability. *Id*. Candela also claims the complaint contains speculative assertions and fails to give Candela fair notice of what the claims are and the grounds upon which they rest. *Id*.

In Plaintiff's Response to Motion to Dismiss, Defouw counters she has alleged a "simple one-count complaint alleging an action for negligence…in [Candela's] failing to properly train and supervise its employees and agents." (Dkt. 8). Defouw further states the cause of action set out in the complaint is not products liability, rather, "it is an action for negligent training and supervision." *Id*.

Defouw's complaint pleads sufficient facts to give both fair notice of the claim as well as plausible right to relief. The complaint plainly states it is an action in negligence for damages based on injuries allegedly caused by an agent of Candela when he performed a "neck lift" laser procedure using "the Candela Laser." (Dkt. 2). The complaint alleges that on or about October 5, 2008, Norman Levi, a salesman and agent of Candela, demonstrated a "neck lift" procedure on Plaintiffs at their place of employment, explaining the redness from the treatment would go away

within seven (7) days. Prior to the treatment, Levi had trouble plugging in the machine and when the machine was set up, stated "Something is wrong." Levi called Candela Laser Corporation Tech Support and after the conversation with Support announced that everything was okay to proceed. After seven (7) days, the redness and scarring did not go away. Consequently, both Plaintiffs have been left with burn scars, discoloration, and disfigurement around their necks. Defouw alleges that as a direct and proximate result of Candela's negligence, Plaintiffs have suffered burns, disfigurement, discoloration, and scars around their necks. (Dkt. 2).

Candela's contention that Defouw's claims are based in products liability and strict liability are ill-founded. Candela incorrectly assumes the complaint is for product liability and strict liability. The complaint plainly sets out a cause of action for negligence in failing to properly train and supervise its employees and agent. Candela's contention the complaint fails to specify the device or devices for which the claims are brought is meritless. The rules of pleading do "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). The complaint identifies the device as "the Candela Laser," which is precisely the device Candela's agent was at plaintiff's place of employment to demonstrate. (Dkt. 2). The complaint identifies a negligence theory of liability and the factual assertions in the complaint are not so speculative, as Candela asserts, as to amount to a failure to provide fair notice of its claims and the grounds upon which they rest.

The rules of pleading require only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed.R.Civ.P. Defouw's complaint alleges Candela was negligent in two ways: failing to properly train and supervise its

employee and agent; and allowing their employees to perform laser procedures without proper training and supervision. (Dkt.2). Based on the short and plain language of the entire complaint, Candela's contentions are without merit. On the assumption that all of the complaint's allegations are true, the factual allegations of Defouw's complaint are enough to raise a right to relief above the speculative level set out in *Twombly*.

## CONCLUSION

This Court has thoroughly reviewed all documents the parties have submitted for consideration on this matter. This Court disagrees with Candela's assertion that Defouw's complaint fails to state a claim upon which relief can be granted. Defouw's complaint pleads sufficient facts to give both, fair notice of the claim as well as a plausible right to relief. The representations made by Candela's Motion to Dismiss are insufficient to overcome the presumptions enjoyed by the Plaintiff, Defouw, at this stage of the proceedings. Accordingly, it is **ORDERED** that Candela's Motion to Dismiss (Dkt. 5) is **DENIED** and the defendant shall have ten days from this date to file its answer.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 16th day of June, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.